UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*10CR 3885-LAB*

| | |
|---|---|
| JOSE IGNACIO JAQUEZ-NEJEDA, | CASE NO. 11-CV-2598-LAB |
| Petitioner, | **ORDER DENYING 28 U.S.C. § 2255 HABEAS MOTION** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Jaquez-Nejeda is currently serving a 40-month sentence for being a deported alien found in the United States, a violation of 8 U.S.C. § 1326. Now before the Court is his habeas petition brought pursuant to 28 U.S.C. § 2255, through which he seeks a sentence reduction. He seeks the reduction on the ground that, due to his alien status, he is ineligible for a one-year sentence reduction through a drug program, or early release into a halfway house. He argues that deprivation of these benefits or privileges due to his alien status violates his Fifth and Fourteenth Amendment rights to due process and equal protection. This is a familiar claim that aliens make in federal habeas petitions, using what appears to be a form pleading, and the Court has consistently rejected it.

To state an equal protection claim, a plaintiff must allege he was treated differently from other similarly situated persons, *see City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985), and deportable aliens are not "similarly situated" to United States citizens. It is not an equal protection violation to allow United States citizen-inmates, who must re-

enter domestic society, to participate in rehabilitative or other programs while denying that privilege to deportable inmates. *See, e.g.*, *Santos v. United States*, 940 F.Supp. 275, 281 (D. Hawaii 1996) (one's status as deportable alien, which may result in ineligibility for less restrictive terms of confinement, cannot justify downward departure; plaintiff failed to state an equal protection claim "because deportable aliens are not 'similarly situated' to United States citizens"). The Supreme Court "has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 521-22 (2003).

This Court has previously rejected the claim that an alien's ineligibility for various prisoner programs or benefits violates that person's rights. *See Rendon-Inzunza v. United States*, 2010 WL 3076271 (S.D. Cal. 2010); *Lizarraga-Lopez v. United States*, 89 F.Supp.2d 1166 (S.D. Cal. 2000). Those holdings stand. The purpose of halfway houses is to facilitate the reintegration of prisoners into the community, but prisoners in Jaquez-Nejeda's position are released first to the Attorney General and then to a foreign community. Moreover, halfway houses are still custodial institutions wherein prisoners serve out their full sentences, and from which deportable aliens would be a unique flight risk.

No due process or equal protection issue arises merely because a defendant's alien status excludes him from certain programs available to citizens, within the prison system or without. Accordingly, Jaquez-Nejeda's argument that the Court should consider his request for an additional downward departure on that basis is rejected. His habeas petition is accordingly **DENIED**. The Court also **DENIES** him a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: December 14, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge